UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHARY B. WATSON,<br><br>              Petitioner,<br>v.<br>PAUL BRAZELTON, et al.,<br><br>              Respondent. | Case No. 14cv2174-AJB (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>**[ECF No. 3]** |

      Currently before the Court is Petitioner's September 11, 2014 motion for appointment counsel. ECF No. 3. For the reasons set forth below, Petitioner's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

## **BACKGROUND**

      On September 8, 2014, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 1 ("Pet."). On September 11, 2014, Petitioner filed a Motion for Appointment of Counsel. ECF No. 3. In his motion, Petitioner states that he is "unable to do this legal process by [him]self" and that he can barley read and write. Id. at 1. Petitioner further states that he was depressed, under stress, and "going thru [sic] some mental issue[s]" while he was appealing his case, but that he is now ready to focus and restart the appeal process. Id. Petitioner attaches an unsigned letter to his motion to show that he is "no longer on the mainline G.P. [General Population]" and is under a doctor's care. Id. at 2. The letter is dated July 29, 2014 and states

as follows:

> TO WHOM IT MAY CONCERN:
>
> Mr. Khary Watson, a CDCR inmate at Richard J. Donovan Correctional Facility, with a CDCR # T04665, is currently participating in the Extended Outpatient Program (EOP) of the CDCR'S Mental Health Services Delivery System (MHSDS).
>
> He was admitted to the Mental Health Crisis Bed on 4/24/2014 and after treatment, was discharged to the Extended Outpatient Program (EOP) on 5/07/2014.
>
> Mr. Watson has signed a Release of Information dated 7/29/2014 regarding this information.
>
> Mr. Watson is under the clinical care of Dr. Jose C. Peña, Ph.D. CDCR Staff Psychologist.

Id.

## LEGAL STANDARD

A.   Appointment of Counsel

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney, 801 F.2d at 1196 ("[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. Knaubert v. Goldsmith, 791 F.2d 722, 729-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.).

The court's discretion to appoint counsel may be exercised only under "exceptional

circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).[1]  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (citations and internal quotation marks omitted).

B.    Competency

In Allen v. Calderon, 408 F.3d 1150, 1153-54 (9th Cir. 2005), the Ninth Circuit Court of Appeals explained that a district court must hold a competency hearing "when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153.  If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing. Id. (citing Rule 8(c) of the Rules Governing Section 2254 Cases ("[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A")).  In determining whether Petitioner has presented "substantial evidence of incompetence," the Court may consider any appropriate evidence including sworn declarations by Petitioner or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant medical records. Allen, 408 F.3d at 1151-53.

## DISCUSSION

The Court has reviewed the Petition for Writ of Habeas Corpus [ECF No. 1], the motion to proceed in forma pauperis [ECF No. 2], and the instant motion for appointment of counsel [ECF No. 3].  From this review, the Court finds that Petitioner not only has a sufficient grasp of his individual claims for habeas relief and the legal issues involved in those claims, but also that Petitioner is able to articulate those claims adequately without legal assistance.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere

---

[1] The Terrell court cited 28 U.S.C. § 1915(d), but the legislature subsequently renumbered this section as 28 U.S.C. § 1915(e)(1).

v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Petitioner's request does not provide facts justifying the extraordinary remedy of appointment of counsel. Further, Petitioner does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004); see also Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Accordingly, the Court finds that the interests of justice do not require the appointment of counsel and that on the record presented, this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel.

It is unclear whether Petitioner is requesting the appointment of counsel because he currently is incompetent or was incompetent at some point in the past. Petitioner submitted a letter showing that he was admitted to the "Mental Health Crisis Bed" on April 24, 2014, was discharged to the "Extended Outpatient Program" on May 7, 2014, and continues to receive "clinical care" from Dr. Jose C. Pena, Ph.D. CDCR Staff Psychologist. ECF No. 3 at 2. While this letter establishes that Petitioner is receiving mental health treatment, it does not establish that he currently is suffering from a mental illness **that prevents him from understanding and responding to court orders**. In fact, Petitioner indicates that his mental condition has improved as he states that despite his need for outpatient care, he is "ready" and focused on restarting his appeal. Id. at 1. In addition, both the Petition and the Motion for Appointment of Counsel were filed after Petitioner's mental health crisis in late April and early May 2014. Accordingly, the Court finds the evidence submitted to date does not establish that Petitioner currently is incompetent and requires the appointment of counsel on this basis.

If Petitioner is requesting the appointment of counsel on the grounds that he currently is incompetent to proceed, Petitioner must provide substantial evidence of his current incompetence to warrant the Court conducting a competency hearing and considering the appointment of counsel. Accordingly, the Court orders as follows:

(1) Petitioner's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**;

(2) If Petitioner is claiming current incompetence, Petitioner shall file a pleading entitled "Supplemental Evidence In Support of Petitioner's Alleged Mental Incompetency" with accompanying declarations and exhibits no later than **November 28, 2014**.  In this filing, Petitioner must include all evidence, facts, and medical records supporting his claim that (1) he currently is suffering from a mental illness and (2) <u>the mental illness prevents or prevented him from being able to understand and respond to Court orders</u>.  The additional information may include declarations signed under penalty of perjury by Petitioner, other inmates, and medical personnel having personal knowledge of Petitioner's incompetence, in addition to recent institutional medical and psychiatric records; and

(3) Respondent shall file a response to Petitioner's motion and supplemental evidence no later than **December 19, 2014**. The response shall include the results of Respondent's independent investigation into Petitioner's competence, including relevant medical records, as well as legal argument.

**IT IS SO ORDERED**.

DATED: October 27, 2014

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge