1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   KHARY B. WATSON,                    )   Case No. 14cv2174-AJB (BLM)
                                         )
12                  Petitioner,          )   **REPORT AND RECOMMENDATION FOR**
     v.                                  )   **ORDER GRANTING RESPONDENT'S**
13                                       )   **MOTION TO DISMISS HABEAS**
     PAUL BRAZELTON, et al.,             )   **PETITION AS AN UNAUTHORIZED**
14                                       )   **SUCCESSIVE FEDERAL PETITION [ECF.**
                    Respondent.          )   **NO. 8]**
15                                       )
                                         )
16   _____ )

17

18        This Report and Recommendation is submitted to United States District Judge Anthony

19   J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United

20   States District Court for the Southern District of California.  On September 8, 2014, Petitioner

21   Khary Watson, a state prisoner who is proceeding *pro se* and *in forma pauperis*, commenced

22   these habeas corpus proceedings pursuant to 28. U.S.C. § 2254.[1]  ECF No. 1 ("Pet.").  Petitioner

23   challenges his conviction for first degree murder.  Id. at 2.  Currently before the Court is

24   Respondent's Motion to Dismiss the Petition as an unauthorized successive federal petition.  ECF

25   No. 8 ("MTD").  Petitioner failed to file an opposition.  See Docket; see also ECF No. 6 at 2

26   _____

27        [1]In determining the filing date of a petition, *pro se* prisoners generally are entitled to the benefit of the
     "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities
28   for mailing to the court.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201
     (9th Cir. 2003).  Here, Petitioner presented his petition to prison authorities on September 8, 2014.  See Lopez v.
     Felker, 536 F.Supp.2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date is date on which petition was signed).

                                                                                    14CV2174-AJB(BLM)

1   (stating that Petitioner shall file his opposition no later than December 4, 2014).

2        The Court has considered the Petition, Respondent's Motion to Dismiss, and all of the

3   supporting documents submitted by the parties.  For the reasons set forth below, the Court

4   **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

5   **FACTUAL AND PROCEDURAL BACKGROUND**

6        The following facts are taken from the California Court of Appeal's opinion in <u>People v.</u>

7   <u>Watson</u>, Appeal No. D056848, slip op. (Cal. Ct. of App. July 20, 2011).  <u>People v. Watson</u>, 2011

8   WL 2858163, *1-2 (Cal. Ct. of App. July 20, 2011).  This Court presumes the state court's factual

9   determinations to be correct absent clear and convincing evidence to the contrary.  28 U.S.C. §

10   2254(e)(1); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003); <u>see</u> <u>also</u> <u>Parke v. Raley</u>, 506 U.S. 20,

11   35 (1992) (holding findings of historical fact, including inferences properly drawn from such facts,

12   are entitled to statutory presumption of correctness)

13

14        In October 1994, Patricia Lopez was fatally shot during a street robbery. The murder remained unsolved until after 2006, when the police received an anonymous phone call which led them to information concerning the persons involved in the crimes. The authorities identified the suspects as two males (defendant and Tyrone Katrel Lynch) and a female (Komoa Greene). Lynch eventually identified defendant as the shooter, entered into a plea agreement, and agreed to testify.

17        In addition to Lynch, several eyewitnesses to the shooting testified at trial, including Lopez's friend (Barbara Nickerson) and Nickerson's son (Paul). Nickerson was with Lopez at the time of the shooting. At about 10:00 p.m. on October 1, 1994, the two women were walking to Lopez's apartment when a man came out of the bushes, pointed a gun at Nickerson, and told Nickerson to remove her fanny pack. Nickerson unbuckled and dropped her fanny pack, and the man picked it up from the ground. Nickerson called out to Paul (who was at Lopez's apartment), and Paul came outside. Meanwhile, Lopez was running towards her apartment. The man ran after Lopez, grabbed her, and shot her. While this was occurring, another man was standing in the street waiting for the man with the gun. After Lopez was shot, the other man said, " 'Come on, man. We have to go .' " The two men ran off together. Lopez died at the scene.

23

24        After receiving the anonymous phone call and commencing their investigation, the authorities made contact with Lynch, who was living in Albuquerque, New Mexico. Beginning in February 2008, the police and Lynch had several phone conversations and in-person interviews to discuss the incident. In August 2008, Lynch was arrested for the murder. On August 7, 2008, Lynch was placed in a holding cell with defendant, and while in the cell for several hours Lynch tried to convince defendant to tell the truth about the shooting. Unbeknownst to Lynch and defendant, the conversations were recorded. At one point during the conversations, Lynch, lamenting that he was being charged with murder, asked defendant, "Why couldn't you just shoot her in the leg or something man." Defendant did not respond to this statement.

1

2      In May 2009, Lynch reached a plea agreement with the prosecution, pleading guilty to voluntary manslaughter, robbery, and attempted robbery.

3      Testifying on behalf of the prosecution at trial, Lynch stated that on the night of
4      the shooting he and defendant (with Greene acting as the driver) committed two street robberies. They committed the first robbery in an alley. Greene then drove
5      them to another location, where defendant and Lynch got out of the car and approached two women (Nickerson and Lopez). Defendant was carrying a gun
6      owned by Greene. When Lynch saw defendant grab one of the women, he got nervous and started looking around. Lynch saw a woman on a balcony, and he
7      kept his eye on her to make sure she did not run into the house to call the police. Lynch heard someone screaming, " 'Stop. Leave me alone. No,' " and then heard
8      a gunshot. Lynch looked back and saw defendant bent towards the ground. Lynch told defendant to "come on" and they ran back to the car. When they were back
9      in the car, defendant stated that "he got the shell casing." Greene asked defendant, "'Why did you shoot?,'" and defendant responded, "Because the bitch
       bit me."
10
       Dominic Holmes, a friend of defendant and Lynch, testified that defendant talked
11     to him about the shooting. Holmes testified that defendant stated that he, Lynch, and Greene were "out taking purses" and that he shot "[s]ome bitch."
12
       Jury Verdict and Sentence
13
       The jury found defendant guilty of first degree murder with personal use of a
14     firearm and with the special circumstance of murder during the commission or attempted commission of robbery. He was sentenced to life without the possibility
15     of parole.

16
      Id. at *1-*2; see also Docket in Case No. 13cv1192-MMA(WMc) at ECF No. 7-2 (Answer to
17
      Petition for Writ of Habeas Corpus) at 6-7.[2]
18
          Petitioner appealed his conviction arguing that "(1) the admission of his recorded
19
      conversations with an accomplice violated his constitutional rights; (2) hearsay testimony was
20
      improperly admitted under the prior consistent statement exception to the hearsay rule; and (3)
21
      an instruction given to the jury violated the constitutional proscription against ex post facto
22

23      _____

24          [2]Respondent asks the Court to take judicial notice of the court records in case number 13cv1192-MMA (WMc)
        and includes a copy of the docket in that case from Westlaw as the only lodgment in the instant matter.  MTD at 2,
25      fn 1; see also Lodgment 1.  Federal Rule of Evidence ("Fed.R.Evid.") 201 provides that a court may take judicial notice
        of facts "not subject to a reasonable dispute" in that they are either (1) generally known within the territorial
26      jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy
        cannot reasonably be questioned.  Fed.R.Evid. 201(b).  The Court "must take judicial notice if a party requests it and
27      the court is supplied with the necessary information."  Fed.R.Evid. 201(c)(2).  Pursuant to Rule 201 of the Federal
        Rules of Evidence, the Court **GRANTS** Respondent's motion and takes judicial notice of the docket and records in case
28      number 13cv1192-MMA (WMc).

1  laws." <u>Watson</u>, 2011 WL 2858163 at *1.  On July 20, 2011, the court of appeal published a

2  written opinion affirming the judgment of the trial court.  <u>See</u> <u>Id.</u>  On August 24, 2011, Petitioner

3  filed a petition for review in the California Supreme Court which was denied on October 26, 2011.

4  http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1989448&do

5  c_no=S195873.  On June 26, 2012, Petitioner filed a petition for writ of habeas corpus in the San

6  Diego Superior Court arguing that his trial counsel was ineffective for failing to object to the

7  admission of tape recorded conversations in violation of his Fifth and Sixth Amendment rights.

8  <u>See</u> Docket No. 13cv1192-MMA(WMc) at ECF Nos. 7-2 at 5 and 9 (Report and Recommendation

9  for order Denying Petition for Writ of Habeas Corpus) at 4.  The petition was denied on August

10  13, 2012.  <u>Id.</u> at ECF No. 7-2 at 5.  On September 27, 2012, Petitioner filed a petition for writ

11  of habeas corpus in the California Court of Appeal raising the same ineffective assistance of

12  counsel claim that was denied on October 21, 2012.  <u>Id.</u> at ECF Nos. 7-2 at 5 and 9 at 4.  On

13  December 10, 2012, Petitioner filed a petition for writ of habeas corpus in the California Supreme

14  Court which was denied on March 13, 2013.  <u>Id.</u> at ECF Nos. 7-2 at 5-6 and 9 at 4; <u>see</u> <u>also</u>

15  http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2032302&do

16  c_no=S207222.

17  Petitioner began federal habeas proceedings on May 2, 2013 when he filed a Petition for

18  Writ of Habeas Corpus in case number 13cv1192-MMA(WMc).  In that petition, Petitioner alleged

19  the same ineffective assistance of counsel claim that he raised in his state petitions.  <u>See</u> Docket

20  No. 13cv1192-MMA(WMc) at ECF No. 1 (Petition for Writ of Habeas Corpus) at 7-12. On January

21  6, 2014, former United States Magistrate Judge William McCurine, Jr. issued a Report and

22  Recommendation for Order Denying Petitioner's petition for writ of habeas corpus.  <u>Id.</u> at ECF

23  No. 9.  That Report and Recommendation was adopted and the petition was denied on February

24  18, 2014 by United Sates District Judge Michael M. Anello.  <u>Id.</u> at ECF No. 11.  Judge Anello

25  declined to issue a certificate of appealability in that case.  <u>Id.</u> at 3.

26  Petitioner returned to federal court on September 8, 2014 when he filed the instant

27  Petition for Writ of Habeas Corpus.  Pet.  In his petition, Petitioner alleges the same ineffective

28

1   assistance of counsel claim that was raised in the state court petitions and in case number

2   13cv1192-MMA(WMc).  On November 3, 2014, Respondent filed a motion to dismiss requesting

3   that the Court dismiss Petitioner's petition "because it is an unauthorized successive petition."

4   MTD at 1.  Respondent notes that under federal law, Petitioner is required to "seek and obtain

5   permission from the United States Court of Appeals for the Ninth Circuit" prior to seeking habeas

6   relief on this claim.  Id. at 2.

7                                         **LEGAL STANDARD**

8          A second or successive habeas petition is one that attacks a conviction that was previously

9   attacked in a federal habeas petition and judged on the merits.  Johnson v. Marshall, 2010 WL

10  753363, *2 (S.D. Cal. March 2, 2010).  In order to file a successive petition, a petitioner must

11  obtain authorization from the court of appeals.  Id. (citing 28 U.S.C. § 2244(b)(3)).   In

12  accordance with the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

13          (b)(1) A claim presented in a second or successive habeas corpus application under
            section 2254 that was presented in a prior application shall be dismissed.

14

15          (b)(2) A claim presented in a second or successive habeas corpus application under
            section 2254 that was not presented in a prior application shall be dismissed
            unless--

16

17          (A) the applicant shows that the claim relies on a new rule of constitutional law,
            made retroactive to cases on collateral review by the Supreme Court, that was
            previously unavailable; or

18

19          (B)(i) the factual predicate for the claim could not have been discovered previously
            through the exercise of due diligence; and

20          (ii) the facts underlying the claim, if proven and viewed in light of the evidence as
            a whole, would be sufficient to establish by clear and convincing evidence that, but
21          for constitutional error, no reasonable factfinder would have found the applicant
            guilty of the underlying offense.

22

23  28 U.S.C. § 2244(b)(1-2).  "Permitting a state prisoner to file a second or successive federal

24  habeas corpus petition is not the general rule, it is the exception, and an exception that may be

25  invoked only when the demanding standard set by Congress is met."  Jimenez v. Paramo, 2012

26  WL 6893386, *4 (S.D. Cal. Oct. 16, 2012) (quoting Bible v. Schriro, 651 F.3d 1060, 1063 (9th

27  Cir.2011) (per curiam)).  "Where a petitioner has previously filed a § 2254 petition, a federal

28

1     district court must decide if a subsequent petition is 'second or successive' before it may exercise

2     jurisdiction." Id. (quoting Cooper v. Calderon, 274 F.3d 1270, 1274). "If the court of appeals

3     has not authorized a successive petition, the district court lacks jurisdiction to consider the

4     petition's merits." Id. (citing Cooper, 274 F.3d at 1274).

5                                              **DISCUSSION**

6         Here, Petitioner's current petition for writ of habeas corpus raises the exact same claim

7     that was presented in his prior federal habeas petition and denied on the merits. Accordingly,

8     Petitioner's petition must be dismissed. 28 U.S.C. § 2244(b)(1). Even if Petitioner's current

9     ineffective assistance of counsel claim differs in some way from the prior claim, it must be

10     dismissed because Petitioner has not established that the current claim relies on a new rule of

11     constitutional law, that it could not have been discovered previously, or that the facts of his case

12     establish that no reasonable fact finder could have found Petitioner guilty. 28 U.S.C. §

13     2244(b)(2)(A-B). Finally, there is no indication that Petitioner "move[d] in the appropriate court

14     of appeals for an order authorizing the district court to consider [his petition]" before filing his

15     second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Accordingly, this Court lacks

16     jurisdiction to consider Petitioner's petition on the merits and **RECOMMENDS** that Respondent's

17     motion to dismiss be **GRANTED**.

18                                             **CONCLUSION**

19         For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue

20     an order: (1) approving and adopting this Report and Recommendation, and (2) directing that

21     Judgment be entered **GRANTING** Respondents' Motion to Dismiss.

22         **IT IS ORDERED** that no later than **January 30, 2015**, any party to this action may file

23     written objections with the Court and serve a copy on all parties. The document should be

24     captioned "Objections to Report and Recommendation."

25     ///

26     ///

27     ///

28

14CV2174-AJB(BLM)

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

2  and served on all parties no later that **February 20, 2015**.  The parties are advised that failure

3  to file objections within the specified time may waive the right to raise those objections on

4  appeal of the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

5    **IT IS SO ORDERED.**

6

7  DATED: January 5, 2015

8

9                                                    BARBARA L. MAJOR
                                                     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28